IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMBER LYNN MYERS                          *

    *Plaintiff*,                              *

    v.                                    *        **Civil Case No. 1:25-cv-01767-JMC**

**FRANK BISIGNANO,**                       *
Commissioner of Social Security
                                          *

    *Defendant.*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Amber Myers ("Plaintiff") petitioned this Court on June 3, 2025, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1). In a Memorandum Opinion and Order dated May 11, 2026, the Court reversed and remanded Plaintiff's case for further proceedings. On May 27, 2026, the Commissioner respectfully requested that the Court alter its Opinion and Order under Federal Rule of Procedure 59(e) (ECF No. 23). The Motion is fully briefed (ECF Nos. 23, 24) and no hearing is necessary. See Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, the Commissioner's Motion to Alter/Amend Judgment (ECF No. 23) is DENIED.

## I.    BACKGROUND

Plaintiff filed her Title II application for DIB and Title XVI application for SSI on December 1, 2020, alleging disability as of August 10, 2019. (Tr. 294-304).[1] Plaintiff's claim was

---

[1] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 8) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

denied initially July 28, 2021. *See id.* at 182-191. On August 2, 2021, Plaintiff filed for reconsideration, and on January 27, 2023, Defendant affirmed its original decision. *Id.* at 192-93, 201-06. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") on February 27, 2024. *Id.* at 212-13. ALJ Patricia Carey conducted a hearing and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame on April 30, 2024. *Id*. at 53. The Appeals Council affirmed the decision on April 18, 2025. *Id.* at 1-6.

In an Opinion and Order dated May 11, 2026, the Court reversed and remanded the case for further proceedings based on the Court's finding that the ALJ's RFC determination ran afoul of *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020) and *Hultz v. Bisignano*, 162 F.4th 111, 115 (4th Cir. 2025). In reaching its conclusion, the Court recognized that Plaintiff filed her brief two days before the Fourth Circuit issued its *Hultz* opinion, which reiterated the *Arakas* standard and clarified the evidence ALJs may consider in a fibromyalgia case, particularly in female claimants. *Hultz v. Bisignano*, 162 F.4th 111, 115 (4th Cir. 2025). In assessing Plaintiff's case here, this Court concluded that the analysis relied too heavily on objective medical evidence to discredit Plaintiff's subjective testimony concerning her fibromyalgia. (ECF No. 22 at 6). Relying on *Hultz*, the Commissioner argued that the Fourth Circuit's mere criticism of the *Hultz* ALJ's step three analysis was not dispositive. The Court agreed but did not find the argument preclusive of similar criticism, as the *Hultz* court's step three discussion reiterated the familiar *Arakas* standard, which has not been overturned. *See id.* The Commissioner now respectfully asks the Court to alter its judgment on the basis that the Court improperly concluded dicta was dispositive. (ECF No. 23-1).

## II.   STANDARD OF REVIEW

2

Federal Rules of Civil Procedure 52(b) and 59(e) provide the procedural mechanism for a court to alter or amend a prior judgment.  Fed. R. Civ. P. 52(b) and 59(e). As recently reiterated by the Fourth Circuit in *Chavez-Deremer v. Medical Staffing of America*, LLC, Rule 52(b) is meant to "correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." 147 F.4th 371, 414 (4th  Cir. 2025) (quoting *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)). "Nor does it allow a party "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id. (citing Fontenot*, 791 F.2d at 1219).  Similarly, there are three recognized circumstances in which the district court can grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993).

Although the Commissioner respectfully sets forth its disagreements with this Court's analysis, those disagreements largely amount to a reassertion of the arguments rejected by this Court, now offered in greater detail.  The Court therefore concludes that the rigors of the rules are not met, and no alteration or amendment is appropriate.

III.    **ANALYSIS**

The Commissioner argues that Rule 59(e) relief is proper because the Court referenced reasoning in *Hultz* that was not outcome-determinative.  (ECF No. 23-1 at 3).  Plaintiff argues that the Commissioner's disagreements with the Court's decision because the Commissioner reargues the merits.  (ECF No. 24 at 1).  To begin, the Court did not hold that Plaintiff met or medically equaled a listing or that an ALJ may not consult objective medical evidence.  (ECF No. 22).

Rather, the Court held that the ALJ's step three analysis contravened Fourth Circuit fibromyalgia precedent because it rejected equivalence by discrediting Plaintiff's subjective statements based on objective medical evidence. *Id.* at 6. In reaching its conclusion, the Court did recognize that *Hultz* criticized the ALJ in that opinion for relying on objective medical evidence, a familiar standard as set forth in *Arakas*. Therefore, the Court did not agree with the Commissioner that *Hultz* had no relevance on the basis that it did not involve a step three challenge because the *Hultz* court did criticize the ALJ's reasoning at step three. *See Hultz*, 162 F.4th at 122. The Court did not, however, find that criticism dispositive. Although the Court recognized the *Hultz* criticism carries some relevance, the Court ultimately concluded that the ALJ's "repeated references to the objective medical evidence as a means to discredit the Plaintiff's statements about the disabling nature of her conditions" ran afoul of *Arakas* and *Hultz*. (ECF No. 22 at 6). Therefore, the Court finds no clear error under the high bar Rule 59(e) imposes.

The Motion to Alter/Amend Judgment (ECF No. 23) is accordingly DENIED.

**IV.    CONCLUSION**

For the foregoing reasons, it is this 24th day of June 2026 so ORDERED that the Motion to Alter/Amend Judgment (ECF No. 23) is DENIED.

Dated: June 24, 2026                            _____/s/_____
                                                J. Mark Coulson
                                                United States Magistrate Judge